**COPY**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

---

**GARDEN CITY BOXING CLUB, INC.,** as Broadcast Licensee of the **June 8, 2002 Lewis/Tyson**, Program,

Plaintiff,

-against-

ROBERT D. DURAND, SR., **ARMAND J. DESNOYERS** and **GLENN D. DURAND**, Individually, and as officers, directors, shareholders and/or principals of BOBBY'S BANQUET HALL, INC. d/b/a BOBBY'S RESTAURANT RECEPTIONS a/k/a BOBBY'S a/k/a BOBBY'S BANQUET HALL, and BOBBY'S BANQUET HALL, INC. d/b/a BOBBY'S RESTAURANT RECEPTIONS a/k/a BOBBY'S a/k/a BOBBY'S BANQUET HALL;

Defendants.

---

**FIRST AMENDED COMPLAINT**

Civil Action No. CA-05-087-ML

Plaintiff, **GARDEN CITY BOXING CLUB, INC.,** by their attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 47 U.S.C. §§ 553 and 605, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1331, which states that the district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, *inter alia,* all defendants reside within the State of Rhode Island (28 U.S.C. § 1391(b) and 28 U.S.C. §120).

4. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the State of Rhode Island.

## THE PARTIES

5. The plaintiff, **GARDEN CITY BOXING CLUB, INC**., is a California corporation with its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

6. Upon information and belief the defendant, ROBERT D. DURAND, SR., resides at 1593 Newport Avenue, Pawtucket, RI 02861.

7. Upon information and belief the defendant, **ARMAND J. DESNOYERS**, resides at 29 Randolph Avenue, So. Attleboro, MA 02703-7027.

8. Upon information and belief the defendant, **GLENN D. DURAND**, resides at 70 Plain Street, Pawtucket, RI 02860-6416.

9. Upon information and belief, the defendant, BOBBY'S BANQUET HALL, INC. d/b/a BOBBY'S RESTAURANT RECEPTIONS a/k/a BOBBY'S a/k/a BOBBY'S BANQUET HALL, is a business entity, the exact nature of which is unknown, having its principal place of business at

67 Garrity Street, Pawtucket, RI 02861.

10. Upon information and belief, the defendant, BOBBY'S BANQUET HALL, INC. d/b/a BOBBY'S RESTAURANT RECEPTIONS a/k/a BOBBY'S a/k/a BOBBY'S BANQUET HALL, is a Domestic Corporation, incorporated and licensed to do business in the State of Rhode Island.

11. Upon information and belief, the defendant, BOBBY'S BANQUET HALL, INC. d/b/a BOBBY'S RESTAURANT RECEPTIONS a/k/a BOBBY'S a/k/a BOBBY'S BANQUET HALL, is a partnership licensed to do business in the State of Rhode Island.

12. Upon information and belief, the defendant, BOBBY'S BANQUET HALL, INC. d/b/a BOBBY'S RESTAURANT RECEPTIONS a/k/a BOBBY'S a/k/a BOBBY'S BANQUET HALL, is a sole proprietorship licensed to do business in the State of Rhode Island.

## COUNT I

13. Plaintiff, **GARDEN CITY BOXING CLUB, INC.,** hereby incorporates by reference all of the allegations contained in paragraphs "1" through "12," inclusive, as though set forth herein at length.

14. By contract, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** was granted the right to distribute the **Lewis/Tyson** program (this includes all undercard bouts and the entire television broadcast) scheduled for **June 8, 2002** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

15. Pursuant to the contract, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** entered into subsequent agreements with various entities in the State of Rhode Island, allowing them to publicly exhibit the Program to their patrons.

16. Plaintiff, **GARDEN CITY BOXING CLUB, INC.,** expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of Rhode Island, which in turn, entered into agreements with plaintiff, **GARDEN CITY BOXING CLUB, INC.,** to exhibit the Program to their patrons.

17. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned commercial establishment at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

18. Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

19. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.,** had the distribution rights.

20. By reason of the conduct, the defendants willfully violated 47 U.S.C. §605 (a).

21. By reason of the defendants' violation of 47 U.S.C. §605 (a), plaintiff, **GARDEN CITY BOXING CLUB, INC.,** has a private right of action pursuant to 47 U.S.C. §605.

22. As a result of the defendants' willful violation of 47 U.S.C. §605 (a), plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

23. Pursuant to 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

**COUNT II**

24. Plaintiff hereby incorporates paragraphs "1" through "23," inclusive, as though fully set forth herein.

25. Defendants and/or their agents, servants, workmen or employees, and each of them knowingly modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

26. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.,** had the distribution

rights, or is intended for any other activity prohibited under 47 U.S.C. §605 (a).

27. By reason of the conduct, each of the defendants' violation of 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** has a private right of action pursuant to 47 U.S.C. §605.

28. As a result of the defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

29. Pursuant to 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT III

30. Plaintiff hereby incorporates paragraphs "1" through "29," inclusive, as though fully set forth herein at length.

31. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned commercial establishment at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

32. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.,** had the distribution rights.

33. Upon information and belief, the defendants individually, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

34. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

35. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## INJUNCTION

36. Upon information and belief, unless restrained by this Court, the defendants will continue to violate 47 U.S.C. 553 et seq. and 47 U.S.C. 605 et seq. Moreover, the defendants knew or should have known the unauthorized exhibition of licensed events in a commercial establishment is illegal. Such violations of the Communications Act have caused and will continue to cause Plaintiff irreparable harm. Plaintiff cannot practicably determine the amount of lost revenues resulting from defendant's unlawful conduct. In addition to diminishing Plaintiff revenues, the defendants' unlawful conduct injures Plaintiff's reputation and goodwill, its ability to attract and finance the future acquisition of quality services, and further impairs its ability to enhance its future growth and profitability. Furthermore, the political subdivisions of the *State of New Jersey* in which Plaintiff licenses events lose franchise fees as a direct result of defendants' misconduct.

37. Plaintiff has no adequate remedy at law to redress the defendants' violations of 47 U.S.C. 553 and 605.

WHEREFORE, the plaintiff, **GARDEN CITY BOXING CLUB, INC.,** requests that judgment and an injunction be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a) Declare that defendant's unauthorized exhibition of the June 8, 2002 Lewis/Tyson Program violated the Federal Communications Act and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain.

(b) On the first cause of action, statutory penalties in the amount of $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a);

(c) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);

(d) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;

(e) In accordance with the Federal Communications Act enjoin defendants, their agents, servants, employees, affiliated business entities, successors, assigns, and any entities or persons controlled directly or indirectly by them or acting on their behalf from the unlawful exhibition of licensed events, from aiding and abetting or engaging in the interception, divulgence, reception, or display of closed circuit television programming of Plaintiff and from connecting, attaching, splicing into, tampering with or in any way obtaining Plaintiffs closed circuit signal with plaintiff's express authorization.

(f) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C.

§ 605 (e) (3) (B) (iii) and §553 (c) (2)(C), together with such other and further relief as this Court may deem just and proper

Dated: July 13, 2005

**GARDEN CITY BOXING CLUB, INC.**

By: ____________________________

JULIE COHEN LONSTEIN, ESQ.
Attorney for Plaintiff
Bar Roll No. JL8521
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
1 Terrace Hill; P.O. Box 351
Ellenville, NY 12428
Telephone: (845) 647-8500
Facsimile: (845) 647-6277
*Our File No. 02-1RI-01R*

____________________________

BARBARA S. COHEN, ESQ.
Resident Counsel
Bar Roll No. 2848
GOLDENBERG & MURI, LLP
10 Weybosset Street
Providence, RI 02903
Telephone: (401)421-7300
Facsimile: (401)421-7352