UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GARDEN CITY BOXING CLUB, INC.
AS BROADCAST LICENSEE OF THE JUNE 8, 2002
LEWIS/TYSON, PROGRAM

V. CA: 05-087 ML

ROBERT DURAND, ET AL.

## DEFENDANT,ARMAND DESNOYERS, ANSWER TO THE FIRST AMENDED COMPLAINT

Now comes the Defendant, Armand J. Desnoyers, and hereby responds to the allegations contained in the Plaintiff's First Amended Complaint paragraph by paragraph as follows:

## JURISDICTION AND VENUE

1. The allegations contained in paragraph 1 of the First Amended Complaint call for a legal conclusion, which this Defendant is not qualified to either admit or deny. The Defendant leaves the Plaintiff to its burden of proof regarding the allegations contained in this paragraph of the First Amended Complaint.

2. The allegations contained in paragraph 2 of the First Amended Complaint call for a legal conclusion, which this Defendant is not qualified to either admit or deny. The Defendant leaves the Plaintiff to its burden of proof regarding the allegations contained in this paragraph of the First Amended Complaint.

3. Denied.

4. Denied.

## THE PARTIES

5. The Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 5 of the First Amended Complaint and, therefore, leaves the Plaintiff to its burden of proof regarding same.

6. The allegations contained in paragraph 6 of the First Amended Complaint pertain to other Defendants and, therefore, this Defendant neither admits nor denies same.

7. Admit.

8. The allegations contained in paragraph 8 of the First Amended Complaint pertain to other Defendants and, therefore, this Defendant neither admits nor denies same.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

**COUNT I**

13. The Defendant realleges and incorporates herein his responses to paragraphs 1 through 12 of this Answer to the First Amended Complaint.

14. The Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 14 of Count I of the First Amended Complaint and, therefore, leaves the Plaintiff to its burden of proof regarding same.

15. The Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 15 of Count I of the First Amended Complaint and, therefore, leaves the Plaintiff to its burden of proof regarding same.

16. The Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 16 of Count I of the First Amended Complaint and, therefore, leaves the Plaintiff to its burden of proof regarding same.

17. Denied.

18. Denied.

19. The allegations contained in paragraph 19 of the First Amended Complaint call for a legal conclusion, which this Defendant is not qualified to either admit or deny. The Defendant leaves the Plaintiff to its burden of proof regarding the allegations contained in this paragraph of the First Amended Complaint.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## COUNT II

24. The Defendant realleges and incorporates herein his responses to paragraphs 1 through 23 of his Answer to this First Amended Complaint.

25. Denied.

26. The allegations contained in paragraph 26 of the First Amended Complaint call for a legal conclusion, which this Defendant is not qualified to either admit or deny. The Defendant leaves the Plaintiff to its burden of proof regarding the allegations contained in this paragraph of the First Amended Complaint.

27. Denied.

28. Denied.

29. Denied.

## COUNT III

30. The Defendant realleges and incorporates herein his responses to paragraphs 1 through 29 of his Answer to this First Amended Complaint.

31. Denied.

32. The allegations contained in paragraph 32 of the First Amended Complaint call for a legal conclusion, which this Defendant is not qualified to either admit or deny. The Defendant leaves the Plaintiff to its burden of proof regarding the allegations contained in this paragraph of the First Amended Complaint.

33. Denied.

34. Denied.

35. Denied.

## INJUNCTION

36. Denied.

37. Denied.

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant pleads the defense of waiver.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant pleads the defense of estoppel.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant pleads the defense of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant pleads the defense of laches.

## FIFITH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that this Court lacks personal jurisdiction over him.

WHEREFORE, the Defendant, Armand J. Desnoyers, requests that judgment enter in his favor and that the First Amended Complaint be dismissed and that he be awarded costs and attorney's fees.

The Defendant hereby demands a trial by jury and designates Timothy J. Robenhymer as trial counsel.

ARMAND DESNOYERS,
By His Attorney,

Timothy J. Robenhymer, #4419
376 Broadway
Providence, Rhode Island 02909
(401) 521-8400
(401) 521-8405 - facsimile

**Crossclaim Against Defendants', Robert D. Durand, Sr. and Glen D. Durand**

1. Plaintiff has brought an action against Defendant Armand J. Desnoyers alleging claims for damages.

2. Defendant Armand J. Desnoyers specifically denies any liability for the Plaintiff's damages.

3. In the event the Defendant Armand J. Desnoyers is judged to be liable to Plaintiff, such liability being specifically denied, Defendant is entitled to contribution and/or indemnification from Defendants, Robert D. Durand, Sr. and Glen D. Durand.

WHEREFORE, Defendant, Armand J. Desnoyers, prays for judgment providing for indemnification and/or contribution.

The Defendant/Crossclaim Defendant hereby demands a trial by jury and designates Timothy J. Robenhymer as trial counsel.

ARMAND DESNOYERS,
By His Attorney,

Timothy J. Robenhymer, #4419
376 Broadway
Providence, Rhode Island 02909
(401) 521-8400
(401) 521-8405 - facsimile

**Certification**

I hereby certify that on the 30th day of August, 2005, a true copy of the within document was mailed, postage prepaid, to: Barbara S. Cohen, Esq., Goldenberg & Muri, 10 Weybosset Street, Providence, Rhode Island 02903; Julie Cohen Lonstein, Esq., Lonstein Law Office, One Terrace Hill, PO Box 351, Ellenville, New York 12428; Jonathan Oster, Esq., 1525 Old Louisquisset Pike, Suite C203, Lincoln, Rhode Island 02865.

______________________________